IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

STACY STROBL and
BRIAN HARDING,

    Plaintiffs,

v.

PAUL CROFT, et al,

    Defendants.

No. 1:24-cv-140

**DEFENDANT BRIAN KAWAMURA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND MEMORANDUM OF LAW IN SUPPORT**

Comes the Defendant Brian Kawamura, by and through undersigned counsel, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and the due process clause of the Fourteenth Amendment to the United States Constitution, and respectfully moves this Honorable Court for the entry of an Order dismissing this action against him on the grounds that this Court lacks personal jurisdiction over him and the exercise of personal jurisdiction by this Court is not compatible with the due process requirements of the United States Constitution.

## Introduction

This action is brought on behalf of Plaintiffs Stacy Strobl and Brian Harding and others similarly situated who invested funds in entities set up by Paul Croft and Jonathan Frost, one of which is Rhino Onward International. It is alleged in the Complaint that Frost and Croft "routinely promised that Rhino Onward International routinely promised that Rhino Onward International had the engineering, land development, and scientific expertise to launch an operational green

energy hydrogen producing plant." [Doc. 1, at 3, paragraph 5]. It is further alleged that Rhino Onward International (ROI) did not have such expertise or the capability to launch such a plant and that ROI was never going to launch green energy operations. *Id*. It is further alleged that Frost, Croft, Brian Kawamura, and Dira knew or should have known this. *Id*.

The allegations of this Complaint center on the fraudulent activities of Frost and Croft in obtaining investor's money under the pretense that it was going to be used to develop a green energy hydrogen producing plant but using it for enrich themselves personally and funding other operations in which they were involved. [Doc. 1, at 4, paragraphs 6-9].

As it relates to Defendant Brian Kawamura (Kawamura), the vague allegations of fraud on his part in the Complaint will be addressed in a contemporaneously filed motion to dismiss for failure to plead fraud with sufficient specificity. The Complaint alleges that Kawamura was the Chief Executive Officer of ROI which is an Illinois limited liability company with its principal place of business in Chicago, Illinois. [Doc. 1, at 6, paragraph 18; Doc. 1, at 7, paragraph 23]. The Complaint alleges that Kawamura lives in Illinois, and it is through the activities of ROI in Tennessee and Kawamura's alleged interactions with Jonathan Frost that the Plaintiffs allege that this Court may assert personal jurisdiction over Kawamura. [Doc. 1, at 7, paragraph 23].

### Allegations in the Complaint Relevant to the Jurisdictional Question

Perhaps recognizing that the assertion of personal jurisdiction in this action over Kawamura is suspect, the Complaint attempts to set out the grounds for this Court to exercise jurisdiction over an Illinois resident who was the Chief Executive Officer of an Illinois company with no offices, stores or other business operations in Tennessee. The complaint alleges, in pertinent part:

> Brian Kawamura is a natural person living in Illinois. During all times relevant to this complaint, he was the Chief Executive Officer of Rhino Onward International. The Court

may assert personal jurisdiction over Mr. Kawamura as Rhino Onward International had routine and regular contact with Tennessee and specifically Jonathan Frost during its operations and Mr. Kawamura's role in this case directly relates to his numerous interactions with Jonathan Frost. Upon information and belief, Mr. Kawamura traveled to Tennessee as part of the work with Rhino Onward International and his business dealings with Jonathan Frost.

[Doc. 1, at 7, paragraph 23]

The Complaint does not allege any other contacts Kawamura had with the forum state of Tennessee. A close read of paragraph 23 reveals that the Complaint does not allege that Kawamura had routine and regular contact with Tennessee. The Complaint alleges only that ROI had contact with Tennessee and the Kawamura had interactions with Frost who is alleged to reside in Hamilton County, Tennessee. *Id*. [see also Doc. 1, at 6, paragraph 17] The only contact with Tennessee that it is alleged Kawamura is that "upon information and belief" that he traveled to Tennessee as part of his work with ROI and business dealings with Frost.

It is important to note that the Complaint alleges no connection between Kawamura and the entities that Frost used to raise funds which are alleged to have been diverted and used for his and Croft's personal benefit or other business operations. The Complaint alleges no ownership or control of these entities by Kawamura. The Complaint alleges that Frost and Croft were the primary owners, board members and controlled ROI and the ROI Fund defendants in addition to their accounting firm Croft and Frost.[1] It is alleged that Frost created shell companies like ROI Fund I, ROI Fund II, and ROI Fund III and sold membership shares to investors. [Doc.1, at 13, paragraph 94]. All the ROI Fund defendants are alleged to be Tennessee limited liability companies with their principal offices in Chattanooga, Tennessee and Jonathan Frost as their Registered Agent. [Doc. 1, at 6-7, paragraphs 19-22].

---

[1] The Complaint also alleges that Frost and Croft used the Well Fund and Scorpio to raise funds and alleges no connection between Kawamura and either of those entities.

Thus, if it is permissible for this Court to exercise jurisdiction over Kawamura, it can only be based upon the allegations in the Complaint regarding his role as CEO of ROI and interactions with Frost. For the following reasons, the allegations in the Complaint fail to make prima facie case showing that the exercise of jurisdiction is permissible.

**Applicable Legal Standards Governing the Exercise of Personal Jurisdiction in This Court Over Brian Kawamura**

This Court must of course determine whether Kawamura is eligible for service of process under Tennessee's long-arm statute and whether exercising jurisdiction over him would comport with due process. See *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 477 (6th Cir. 2003). (cited in *Parker v. Winwood*, 938 F.3d 833, 839 (6th Cir. 2019). Due process requires that an out-of-state defendant have "minimum contacts" with the forum state sufficient to accord with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). (cited in *Parker v. Winwood*, 938 F.3d 833, 839 (6th Cir. 2019). Under Tennessee law, jurisdiction is extended to due process's limits, so due process is all that this Court must address. *Bridgeport Music*, 327 F.3d at 477 . (cited in *Parker v. Winwood*, 938 F.3d 833, 839 (6th Cir. 2019).

There are two types of personal jurisdiction that exist: general and specific. See *Daimler AG v. Bauman*, 571 U.S. 117, 127, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). (cited in *Parker v. Winwood*, 938 F.3d 833, 839 (6th Cir. 2019). General jurisdiction exists when the defendant has "continuous and systematic" affiliation with the forum state, so as to render the defendant "essentially at home" in the forum. *Relyant Global, LLC v. Gilbralter-Caddell*, 2023 U.S.Dist. Lexis 80017 *4, 2023 WL 3267757 (EDTN March 31, 2023) (quoting *Malone v. Stanley Black & Decker, Inc.*, 965 F. 3d. 499, 504 (6th Cir. 2020)) "Specific jurisdiction turns on the 'affiliation

4

between the forum and the underlying controversy.' *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011) (quotation marks and brackets omitted). That means [Kawamura's] 'suit-related conduct' must establish 'a substantial connection' with Tennessee. *Walden v. Fiore*, 571 U.S. 277, 284, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014). Put differently, he must have, among other things, 'purposefully avail[ed] himself of the privilege of acting in [Tennessee].' *Miller. v. AXA Winterhur Ins. Co.*, 694 F.3d 675, at 680[(6th Cir. 2012)] (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968))." *Parker v. Winwood*, 938 F.3d 833, 839 (6th Cir. 2019).

In this Circuit, three criteria have been identified as those to be evaluated in determining whether specific personal jurisdiction exists:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Relyant Global, LLC v. Gilbralter-Caddell*, 2023 U.S.Dist. Lexis 80017 *4, 2023 WL 3267757 (EDTN March 31, 2023)(quoting *Southern Mach. Co. v. Mohasco Inds., Inc.*, 401 F.2d 374 (6th Cir. 1968)).

The "'purposeful availment' requirement ensures that the defendant will not be hauled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721-22 (6th Cir. 2000) (quoting *LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1300 (6th Cir. 1989)). With regard to the second prong of the test—the "arising from" prong—the plaintiff must show that the "operative facts of the controversy arise from the defendant's contacts with the state." *Calphalon*, 228 F.3d at 723. By way of an illustration, the Sixth Circuit has held that in a breach of contract case between a Michigan company and an

5

Oklahoma company, where the acts giving rise to the breach occurred in Oklahoma, the cause of action did not arise from the defendant's contacts with Michigan, even though the contract was negotiated over the phone with the opposing party in Michigan. *See Kerry Steel, Inc. v. Paragon Industs., Inc.*, 106 F.3d 147 (6th Cir. 1997). Rather, it was the location of the acts giving rise to the breach which conferred jurisdiction, not where one party was during the negotiation of the contract. The last prong of the test looks to whether the consequences of the defendant's acts have a substantial connection with the forum. *See id.* at 724.

Defendant Kawamura recognizes that motions to dismiss can involve burden shifting but first the plaintiff must make a prima facie case alleging facts that support a finding of jurisdiction. See generally *Env't 360, Inc. v. Walker*, 2024 U.S. Dist. Lexis 15155 *6 (MDTN January 29, 2024)(citing *Southern Mach.Co v. Mohasco Industries, Inc*., 401 F.2d 374, 381 (6th Cir. 1968) and Sullivan v. LG Chem, Ltd, 79 F. 4th 651, 660 (6th Cir. 2023)(quoting *Peters Broad. Eng'g, Inc. v. 24 Cap., LLC*, 40 F.4th 432 437 (6th Cir. 2022). For the reasons that follow, the complaint fails to allege sufficient facts to support a finding of general jurisdiction over Kawamura. Further, it is incumbent on the Plaintiff to plead specific facts that satisfy the three-part test established in *Mohasco* that the Court must find present to support the exercise of specific jurisdiction over Kawamura. *Env't 360, Inc. v. Walker*, 2024 U.S. Dist. Lexis 15155 *6 (MDTN January 29, 2024)(citing *Southern Mach.Co v. Mohasco Industries, Inc*., 401 F.2d 374, 381 (6th Cir. 1968). The Complaint fails to plead sufficient facts to make a prima facie case supporting the constitutional exercise of personal jurisdiction over Defendant Kawamura.

## Argument

## The Complaint Does Not Make a Prima Facie Case That General Jurisdiction Exists Over Brian Kawamura

The Complaint does not come close to making out a prima facie case for the exercise of general jurisdiction by this Court over Defendant Kawamura. General jurisdiction exists when the defendant has "continuous and systematic" affiliation with the forum state, so as to render the defendant "essentially at home" in the forum. *Relyant Global, LLC v. Gilbralter-Caddell*, 2023 U.S.Dist. Lexis 80017 *4, 2023 WL 3267757 (EDTN March 31, 2023) (quoting *Malone v. Stanley Black & Decker, Inc*., 965 F. 3d. 499, 504 (6th Cir. 2020))

The operative language in the Complaint as to whether this Court should find that it makes a prima facie case for the exercise of general personal jurisdiction is found in paragraphs 23 which alleges:

> Brian Kawamura is a natural person living in Illinois. During all times relevant to this complaint, he was the Chief Executive Officer of Rhino Onward International. The Court may assert personal jurisdiction over Mr. Kawamura as Rhino Onward International had routine and regular contact with Tennessee and specifically Jonathan Frost during its operations and Mr. Kawamura's role in this case directly relates to his numerous interactions with Jonathan Frost. Upon information and belief, Mr. Kawamura traveled to Tennessee as part of the work with Rhino Onward International and his business dealings with Jonathan Frost.

[Doc. 1, at 7, paragraph 23]

The Complaint alleges that Kawamura is a resident of Illinois. What is does not allege is that Kawamura had any affiliation with Tennessee, much less a "continuous and systematic" affiliation with the forum state; any residence in Tennessee, presence in Tennessee for any specific period of time, or even the operation of a business based in Tennessee. The Complaint is void of allegations from which the Court to conclude that the exercise of general jurisdiction over

Kawamura, applying in all circumstances, such that Kawamura is "essentially at home" in Tennessee is justifiable.

## The Complaint Does Not Make a Prima Facie Case That Specific Jurisdiction Exists Over Brian Kawamura

Defendant Kawamura should be dismissed because he does not have the minimum contacts necessary for the Court to exercise specific personal jurisdiction over him. As discussed above, the Sixth Circuit applies a three-part test to determine whether a Complaint has plead specific facts that make out a prima facie case of specific personal jurisdiction over a defendant.

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Relyant Global, LLC v. Gilbralter-Caddell*, 2023 U.S.Dist. Lexis 80017 *4, 2023 WL 3267757 (EDTN March 31, 2023)(quoting *Southern Mach. Co. v. Mohasco Inds., Inc.*, 401 F.2d 374 (6th Cir. 1968)).

"The 'purposeful availment' requirement 'ensures that a defendant will not be hauled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or third person.'". *American Water Heater Co. v. Taylor-Winfield Techs., Inc.*, 2017 WL 4293228, at *3 (EDTN Sept. 27, 2017 (Collier, J.)(quoting *Air Prods & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F. 3d 544, 551 (6th Cir. 2007)). There is a significant difference between "random" contacts and "the kind of substantial relationship with the forum state that invokes, by design, 'the benefits and protections of its laws.'" *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 722-23 (6th Cir. 2000). An example of the kind of purely fortuitous contact found by the Sixth Circuit to be insufficient to warrant the exercise of personal jurisdiction is where a

8

Case 1:24-cv-00140-CLC-CHS   Document 52   Filed 07/16/24   Page 8 of 13   PageID #: 364

"defendant was not attempting to 'exploit any market for its products' in the state of Michigan, but rather had contact with the state only because the plaintiff chose to reside there." *Id.* This court found it insufficient to establish personal jurisdiction when the nature of any contact a defendant had regarding communications and mailings was wholly fortuitous and based solely on the fact that the plaintiff happened to live in Tennessee at the time of the alleged malpractice was ongoing. *Snider v. Steidley & Neal, PLLC*, 2013 WL 2403271, *7 (EDTN May 31, 2013)(Collier, J.).

Important in this case is that it is also settled "that jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation." *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974). See also, *American Water Heater, Co. v. Taylor Winfield* 2017 WL 4293228, at *3 ("Specific personal jurisdiction is proper only when the defendant himself has created a substantial connection with the forum state."). Here, ROI, the entity for which Kawamura served as the Chief Executive Officer (CEO) is domiciled in Illinois as alleged in the Complaint. [Doc. 1, at 6, paragraph 18]. The Complaint does not allege that ROI had an office in Tennessee or other operations in Tennessee. The Complaint does allege that ROI had regular contact with Tennessee. [Doc. 1, at 7, paragraph 23]. Regardless, even if the Court can properly assert jurisdiction over ROI, jurisdiction over Kawamura cannot be predicated merely on jurisdiction over ROI. *Weller*, 504 F.2d at 929. This is precisely what the Plaintiff is attempting to accomplish by alleging not that Kawamura had routine and regular contact with Tennessee, but that ROI did. [Doc. 1, at 7, paragraph 23].

The Plaintiff also is attempting to justify the assertion of personal jurisdiction over Kawamura by alleging that Kawamura had "numerous interactions" with Jonathan Frost who resided in Hamilton County, Tennessee. *Id*. This allegation is likewise insufficient to make a prima facie case for the exercise of personal jurisdiction over Kawamura. "Specific personal jurisdiction

is proper only when **the defendant himself** has created a substantial connection with the forum state." *American Water Heater, Co. v. Taylor Winfield* 2017 WL 4293228, at *3 (emphasis supplied). As opposed to being able to allege that Kawamura did himself create a substantial connection with Tennessee, the Complaint attempts to manufacture jurisdiction over him by alleging that ROI had undefined and unspecified contacts with Tennessee and that Kawamura had numerous interactions with Jonathan Frost who was located in Tennessee. The Complaint is void of allegations supporting a prima facie case that Kawamura did himself create a substantial connection with Tennessee.

With the exception of the allegation that: "Upon information and belief, Mr. Kawamura traveled to Tennessee as part of the work with Rhino Onward International and his business dealings with Jonathan Frost.", there is no allegation of Kawamura's contact with Tennessee at all. The Complaint does not allege the circumstances of such alleged travel to Tennessee, its frequency, its length, or any other such details to include any allegation of contact with potential investors in ROI or any other entity while in Tennessee. The Complaint does not allege that Kawamura had any contact with the Plaintiffs, much less that any such contact was in Tennessee.
What the Complaint does allege is that Kawamura lives in Illinois, ROI is an Illinois corporation, and ROI's principal place of business was in Illinois.

The allegations of Kawamura's contacts with Tennessee are a far cry from the detailed allegations of contacts with the forum state that have been found by federal district courts to establish a prima facie case for the exercise of personal jurisdiction. See, e.g., *Environmental 360, Inc. v. Clinton Walker*, 2024 U.S. Dist. Lexis 15155 * 7-9 (MDTN January 29, 2024)(complaint alleged defendant had continuous and long term employment with E360, which is a Tennessee based company; routinely traveled to Tennessee for work related activities; would routinely attend

E360's annual meetings in Tennessee; business activities consistently routed through E360's central office in Murfreesboro, Tennessee; defendant's business cards and email signature listed Murfreesboro, Tennessee as his place of business; defendant's pay stubs all issued from Murfreesboro location; defendant carried out meetings in Tennessee with training lead by defendant solicited a Tennessee employee of E360 in an apparent effort to divert work from E360's clients). No such detailed allegations of Kawamura's contacts with Tennessee are included in this Complaint.

There is no direct connection alleged between the Plaintiffs and Kawamura. There is no allegation that Kawamura sought out Plaintiffs or anyone else to invest in ROI, much less seek out investors from Tennessee. The only alleged contact in the Complaint between Kawamura and any investor or potential investor is his appearance in either one or two investment calls (compare Doc 1, at 22, paragraph 92 with Doc 1, at 25, paragraph 25). The Complaint does not allege any representations by Kawamura nor does it allege whether any investor from Tennessee joined in these calls and certainly not that Kawamura knew any investor from Tennessee was a party to the call. Thus, any alleged connection between Kawamura and anyone who is a Plaintiff or a member of the proposed class from Tennessee was a matter of happenstance, where Plaintiffs chose to reside. Of the two named Plaintiffs, Ms. Strobl is resident of Tennessee [Doc. 1, at 5, paragraph 14], Mr. Harding is a resident of Illinois, *Id*. at 5, paragraph 15. Thus, Kawamura's alleged contacts with Tennessee were fortuitous, random and attenuated – the type of contacts that the purposeful availment requirement is meant to prevent from creating personal jurisdiction. *Cephalon Corp*., 228 F. 3d at 722-23.

For these same reasons, the allegations in the Complaint also fail to satisfy the other two prongs of the test for personal jurisdiction the Sixth Circuit applies. The Complaint fails to allege

a prima facie case that the cause of action arises from Kawamura's activities in Tennessee. The Complaint also fails to allege a prima facie case that Kawamura's acts or any alleged consequences caused by him have a substantial enough connection with Tennessee to make the exercise of jurisdiction over him reasonable. *Relyant Global, LLC v. Gilbralter-Caddell*, 2023 U.S.Dist. Lexis 80017 *4, 2023 WL 3267757 (EDTN March 31, 2023)(quoting *Southern Mach. Co. v. Mohasco Inds., Inc*., 401 F.2d 374 (6th Cir. 1968)).

## Certification of Meet to Confer

Pursuant to this Court's Order Governing Motions to Dismiss, Doc. 6, counsel for Mr. Kawamura, met and conferred with counsel for the Plaintiff's on July 9, 2024, to discuss Defendant Kawamura's concerns regarding failure to plead with particularity as well as whether the allegations in the Compliant were sufficient to confer personal jurisdiction over Mr. Kawamura. The parties were unable to agree that the Complaint is curable by a permissible amendment.

## Conclusion

For all these reasons, Defendant Brian Kawamura respectfully requests this Honorable Court to enter an Order dismissing him from this action on the because this he does not have the minimum contacts necessary for the Court to exercise either general or specific personal jurisdiction over him.

Respectfully submitted this 16th day of July 2024.

*s/ David M. Eldridge*
DAVID M. ELDRIDGE (BPR # 012408)
LORETTA G. CRAVENS (BPR #023576)
ELDRIDGE & CRAVENS, P.C.
The Cherokee Building
400 West Church Avenue, Suite 101
Knoxville, TN 37902
(865) 544-2010
deldridge@ecattorneys.law
lcravens@ecattorneys.law
*Attorneys for Brian Kawamura*