UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| STACY STROBL and BRIAN HARDING, On behalf of themselves and all others Similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> PAUL CROFT; JONATHAN FROST; RHINO ONWARD INTERNATIONAL, LLC; ROI FUND I, LLC; ROI FUND II, LLC; ROI FUND III, LLC; ROI FUND IV, LLC; BRIAN KAWAMURA; CROFT & FROST, PLLC; THE WELL FUND LLC; SCORPIO REF, LLC; MATTHEW DIRA; THE DIRA GROUP; CHESTNUT HOLDINGS, LLC; STEVEN FROST; LISA FROST; JOSEPH INVESTMENTS, LLC; JANE and JOHN DOES 1-25, <br><br> Defendants. | Case No. 1:24-cv-00140-CLC-CHS <br><br> JURY DEMAND |

## DEFENDANT THE WELL FUND LLC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Comes Defendant The Well Fund, LLC ("Well Fund"), pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b) and moves this Honorable Court to dismiss Defendant The Well Fund, LLC from this action due to Plaintiffs' failure to state a claim upon which relief may be granted because Plaintiffs have failed to meet the pleading standard required by Fed. R. Civ. P. 9(b).

### INTRODUCTION

This action is brought by Plaintiffs Stacy Strobl and Brian Harding who allege "the Defendants committed fraud and conversion when they sold or held to sell fake investments in Rhino Onward International, LLC to help prop up CF and enrich themselves at expense of investors." [Doc. 1, Complaint at ¶ 1] Plaintiffs allege that Frost and Croft took money from the

investors in the ROI Defendants, The Well Fund, Scorpio and other entities and diverted them for their own use. [Doc. 1, Complaint at ¶ 9]. Plaintiffs also state that "The Well Fund removed Frost from his manager role and on information and belief is trying to locate the funds he diverted into the various shell companies he controlled. [Doc. 1, Complaint at ¶ 9]. Plaintiffs allege that J.D. Frost undertook the Well Fund promissory note scam and diverted funds for the Well Fund to other business entities, and that he was assisted by Plummer and Dura to divert funds from The Well Fund. [Doc. 1, Complaint at ¶71, ¶72, ¶73]. Plaintiffs admit that the money raised from the Well Fund scam did not involve the other Wellf Fund owners and that they filed a lawsuit against J.D. Frost. [Doc. 1, Complaint at ¶80].

The Well Fund asserts that the specific allegations about its connection to the fraudulent activity that is alleged against J.D. Forst, Paul Croft and others do not plead fraud with sufficient particularity to sustain Count III (Civil Conspiracy) and Count VII (RICO Violation), the only two counts asserted against The Wellf Fund. There is no specific act or description of time and place in the Complaint and only general allegations. The Complaint fails to state a claim upon which relief can be granted and should be dismissed as to The Well Fund, a victim of fraud and not a perpetrator of it.

### Pleading Fraud Requires a Heightened Standard

Federal Rule of Civil Procedure 12(b)(6) provides for relief for a defendant when the plaintiff has failed to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Their complaint, taken as true, must be "plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570, and must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); see *Ashcroft v. Iqbal*, 556 U.S. at 678; United States ex rel. *Bledsoe v. Cmty. Health. Sys., Inc.,* 501 F.3d 493, 504, 510 (6th Cir. 2007). That is, [relators] must allege who was party to the agreement, how the agreement was reached, when the agreement was reached, and

what were its terms. See *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (explaining that "at a minimum, Rule 9(b) requires that the plaintiff specify the 'who, what, when, where, and how' of the alleged fraud" (cleaned up)). *United States of Am. ex rel. Angelo v. Allstate Ins. Co.,* 2024 U.S. App. LEXIS 15643, *19. Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Whiters v. Baker*, No. 23-cv-12161, 2024 U.S. Dist. LEXIS 74769, at *4-5 (E.D. Mich. Apr. 24, 2024) (quoting *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

To assert an action for fraud, a Plaintiff must "allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003).

Plaintiffs have failed to place The Well Fund on notice as to what fraudulent conduct the Plaintiffs believe The Well Fund participated in. See *United States ex rel. Prather v. Brookdale Senior Living Communities, Inc*., 838 F.3d 750, 771 (6th Cir. 2016) ("Rule 9(b)'s particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." (cleaned up)). *United States of Am. ex rel. Angelo v. Allstate Ins. Co.,* 2024 U.S. App. LEXIS 15643, *15

Rule 9(b) requires a plaintiff "(1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent." *Ross v. PennyMac Loan Servs. LLC*, 761 F. Appx 491, 493-94 (6th Cir. 2019)(citing *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012) and *Ind. State Dist. Council of Laborers & Hod Carriers Pension &* Welfare Fund v.

Omnicare, Inc., 583 F.3d 935, 942-43 (6th Cir. 2009)). This requires "not only specifying the false statements and by whom they were made but also identifying the basis for inferring scienter" and must set forth specific facts that indicate reasonable belief that the defendant knew a statement was materially false or misleading. *Heinrich v. Waiting Angels Adoption Services, Inc.*, 668 F.3d 393, 406 (6th Cir. 2012) (internal citations omitted.)

The particularity requirement also applies to a civil RICO complaint alleging mail or wire fraud, requiring a Plaintiff to "state with particularity the false statement of fact made by the defendant which the plaintiff relied on and the facts showing the plaintiff's reliance on defendant's false statement of fact." *HPIL Holding, Inc. v. Zhang,* No. 1:23-cv-12050, 2024 U.S. Dist. LEXIS 91024, at *42 n.11 (E.D. Mich. May 21, 2024). The Court need not accept claims that consist of no more than mere assertions and unsupported or unsupportable conclusions. *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (citing *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 876 (6th Cir. 2006).

## Allegations in the Complaint Involving The Well Fund

The Complaint makes very few factual allegations against The Well Fund, and The Well Fund is only named in Count III (Civil Conspiracy) and Count VII (RICO). Plaintiffs allege that the Well Fund was formed in June 2020 as a real estate venture and acquired a 48-unit apartment building in Chattanooga. [Doc. 1, Complaint at ¶65, ¶66]. Plaintiffs generally allege that at some point in 2021, J.D. Frost, Plummer, Dira, clients with CF and others located investors to pitch for investments into the Well Fund and that the investments vehicle used were promissory notes that claimed a 20% interest rate. [Doc. 1, Complaint at ¶67, ¶68]. Plaintiffs also allege, regarding the Well Fund, that J.D. Frost, Plummer and Dira all promised investors it was a safe investment and that investors were paid until 2023. [Doc. 1, Complaint at ¶69, ¶70]. The remaining allegations

4

involving the Well Fund focus on the actions of J. D. Frost, Plummer and Dira in raising money for the Well Fund but admit that the money was diverted by J.D. Frost. [Doc. 1, Complaint at ¶71, ¶72, ¶73]. The Plaintiffs admit in the Complaint that the Well Fund was a victim of J.D. Frost. In addition, despite the general allegations that always involved Frost, Plummer or Dira, no specific instances of fraud are alleged. There are no names given who were defrauded, there is no place or time given, and there is nothing more than general allegations. Furthermore, the general allegations do not involve the Well Fund.

Inconsistently, while admitting in Paragraph 70 that Well Fund investors were paid until early 2023, Plaintiffs incorrectly group the Well Fund into the ROI funds in Paragraph 94 in claiming they were similar schemes. However, as admitted in Paragraph 70, Well Fund investors did receive payments for one to two years while the ROI investors did not receive payments.

Plaintiffs allege County III – Civil Conspiracy against The Well Fund. In doing so, it asserts general allegations against The Well Fund with no particularity. "Upon information and belief Frost and Croft committed an overt act when they executed fake documents on behalf of the Well Fund to divert Well Fund assets to CF in order to prop up CF for a period of time. [Doc. 1, Complaint at ¶150]. Plaintiffs have produced no "fake documents" in support of this claim and even in the allegation, admit that the Well Fund money was diverted. Plaintiff also allege that Frost and Croft were acting as agents of the Well Fund and therefore the Well Fund is liable for their actions. [Doc. 1, Complaint at ¶152]. Plaintiffs fail to provide any details about the actions of Frost and Croft and how they were acting as agents for the Well Fund.

Similarly in alleging a RICO conspiracy in the alternative against the Well Fund in Count VII, Plaintiffs fail to show how the Well Fund was part of any conspiracy. Regarding RICO, the Complaint alleges:

As noted in the previous sections, Frost, Croft, the ROI Defendants, the Well Fund, Plummer, Dira, and Scorpio along with John Does 1-25 formed an association-in-fact with each other for the purpose of duping investors into providing investments in ROI (the "ROI Investment Scheme").

[Doc. 1, Complaint at ¶201].

Frost and Croft conducted the pattern of racketeering activity described herein within the scope of their agencies of the ROI Defendants, the Well Fund, and/or Scorpio in that Frost and Croft were principals, members, and/or managers of these entities and held themselves out to Plaintiffs Strobl and Harding[1] and the Class as working on behalf of the ROI Defendants, the Well Fund, and/or Scorpio. Therefore, all Defendants are liable under the doctrine of respondent superior and/or agency.

*Id.* at ¶212.

### The Complaint Fails to Meet the Pleading Standard for Fraud

The Complaint fails to meet the particularity and specificity required for causes of action based in fraud. Plaintiffs allege no actions of The Well Fund or statement made by anyone purporting to act on behalf of The Well Fund. No statement or act is alleged that anyone acting on behalf of the Well Fund knew was false. No time, place, or any context for any statement of act is alleged. No details for the "fake documents" are given and not one "fake document" has been included with the Complaint. This lack of any detail in pleading does not meet the particularity required by Fed. Rule Civ. Pro. 9(b).

"A civil conspiracy under § 1983 is 'an agreement between two or more persons to injure another by unlawful action.'" *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (quoting *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007)). "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Spadafore v. Gardner,* 330 F.3d 849, 854 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). To prevail on a

---

[1] Plaintiffs allege nowhere in the Complaint that they were investors in the Well Fund.

civil conspiracy claim, a plaintiff must show that (1) a "single plan existed," (2) the defendants "shared in the general conspiratorial objective" to deprive plaintiff of his constitutional or federal statutory rights, and (3) "an overt act was committed in furtherance of the [**6] conspiracy that caused injury" to the plaintiff. *Hooks v. Hooks,* 771 F.2d 935, 944 (6th Cir. 1985); *Bazzi* 658 F.3d at 602. *Trans Rail Am.., Inc. v. Hubbard Twp.,* 78 Fed. Appx 986, 988 (2012).

Plaintiffs have failed to show two or more persons acting together under a common plan. The allegations in the Complaint instead make multiple general allegations against multiple individuals and fail to show how they were acting together in any way. Even if the civil conspiracy claim should be sustained against other parties, the allegations against the Well Fund are lacking specificity.

Likewise, a civil RICO violation relies in fraud and that must fail too were the Plaintiffs failed to plead with particularity any statement or act of the Well Fund, upon which the Plaintiffs relied, and the resulting harm. None of this was pled by the Plaintiffs with particularity and where they have failed to plead the underlying fraud to meet the heightened standard, their RICO claim should also fail. *See Anderson v. First Horizon Bank,* 2024 U.S. Dist. LEXIS 71871

### CERTIFICATION OF MEETING TO CONFER

We, as counsel for The Well Fund, LLC, a Defendant in the above matter, hereby certify that pursuant to the Court's Order Governing Motions to Dismiss as reflected in Doc. 6 have met and conferred with Plaintiffs' Counsel on July 9, 2024 to determine whether an amendment to the Complaint and/or dismissal of the same could cure the deficiencies articulated above prior to filing the instant motion. Despite meeting and conferring in good faith, the parties are unable to agree that the pleading is curable by a permissible amendment or dismissal.

7

Case 1:24-cv-00140-CLC-CHS   Document 59   Filed 07/31/24   Page 7 of 9   PageID #: 442

## CONCLUSION

For the above reasons, The Well Fund moves this Court to Dismiss the Complaint against it with regards to the two causes of action asserted.

Respectfully submitted this 31st day of July, 2024.

*s/ J. Michael Holloway*
J. MICHAEL HOLLOWAY(BPR# 034861)
CHRISTOPHER M. GANT
LITCHFORD, PEARCE & ASSOCIATES
P.O. Box 8127
Chattanooga, TN 37414
(423) 322-4009
michael@lpafirm.com

*Attorney for The Well Fund LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this this 31st day of July, 2024, the foregoing was filed electronically with the Clerk of Court to be served by operations of the Court's electronic filing system upon the following:

BENJAMIN A. GASTEL (BPR #28699)
HERZFELD, SUETHOLZ, GASTEL, LENISKI
&WALL, PLLC
223 Rosa L. Parks Avenue, Suite 300
Nashville, TN 37902
(615) 800-6225
ben@hsglawgroup.com

ALYSON S. BERIDON (BPR #40040)
HERZFELD, SUETHOLZ, GASTEL, LENISKI
&WALL, PLLC
600 Vine Street, Suite 2720
Cincinnati, OH 45202
(513) 381-2224
alyson@hsglawgroup.com

*Attorneys for Plaintiffs*

DAVID M. ELDRIDGE (BPR# 012408)
LORETTA G. CRAVENS (BPR# 023576)
ELDRIDGE & CRAVENS, P.C.
The Cherokee Building
400 West Church Avenue, Suite 101
Knoxville, TN 37902
(865) 544-2010
deldridge@ecattorneys.law

*Attorneys for Brian Kawamura*

KIMBERLY INGRAM-HOGAN
BRADLEY ARANT BOULT CUMMINGS
One 22 One
1221 Broadway, Suite 2400
Nashville, TN 37203
(615) 252-3592
kingram@bradley.com

DALE G MULLEN *pro hac vice*
WHITEFORD, TAYLOR & PRESTON LLP
Seven Saint Paul Street
Baltimore, MD 21202-1636
dmullen@whitefordlaw.com

ERIC H FEILER *pro hac vice*
WHITEFORD, TAYLOR & PRESTON LLP
Two James Center
1021 East Cary Street
Suite 1700
Richmond, VA 23219
efeiler@whitefordlaw.com

JOSEPH E.H. ATKINSON *pro hac vice*
WHITEFORD, TAYLOR & PRESTON LLP
Two James Center
1021 East Cary Street
Suite 1700
Richmond, VA 23219
jeatkinson@whitefordlaw.com

MICHAEL H. BRADY *pro hac vice*
WHITEFORD, TAYLOR & PRESTON, LLP
Two James Center
1021 East Cary Street
Suite 1700
Richmond, VA 23219
mbrady@whitefordlaw.com

*Attorneys for Matthew Dira and The Dira Group*

9

Case 1:24-cv-00140-CLC-CHS     Document 59     Filed 07/31/24     Page 9 of 9     PageID #: 444