IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

STACY STROBL and
BRIAN HARDING,

    Plaintiffs,

v.

PAUL CROFT, et al,

    Defendants.

No. 1:24-cv-140

### DEFENDANT BRIAN KAWAMURA'S REPLY TO PLAINTIFFS' CONSOLIDATED OPPOSITION TO MOTIONS TO DISMISS

Brian Kawamura maintains that for the reasons stated in his motions to dismiss, Doc. 51 and Doc. 52, this Court should Dismiss the complaint in so far as it alleges causes of action against him. Nothing in the Plaintiffs' consolidated opposition, Doc. 61, alters Mr. Kawamura's arguments and, arguably, no reply is necessary. However, Mr. Kawamura would like to address certain aspects of the Plaintiffs' oppositional pleading, and accordingly submits the instant reply.

**Personal Jurisdiction**

Plaintiffs assert that "[a]lthough Mr. Kawamura lives in Chicago, he partnered in the ROI venture with defaulting Defendant Frost and had regular and routine business contacts with Frost while Frost lived and worked in Tennessee." Consolidated Opposition, Doc. 61, at Page ID#450. There is no evidence, nor has it elsewhere been pled, that Mr. Kawamura was a partner or "partnered in ROI venture." Mr. Kawamura was employed as CEO of Rhino Onward International, a start-up energy company based in Chicago, where Mr. Kawamura also lives and he was not an owner, nor it is alleged that he had any ownership interest in Rhino Onward

1

International. This entity is not the same as the ROI Fund entities also named in the complaint and referenced by the Plaintiffs. Mr. Kawamura had no role in the ROI fund entities at all and none is alleged.

The Plaintiffs note that the Sixth Circuit has adopted the forum-state approach regarding civil RICO claims that permits nationwide summonses of other defendants to a forum so long as personal jurisdiction can be established over at least one defendant and such nationwide summonses for other defendants is required by the ends of justice. Doc. 61, Page ID#458, citing *Peters Broad. Eng'g, Inc. v. 24 Cap., LLC*, 40 F. 4th 432, 440 (6th Cir. 2022.) Although Frost appears to be subject to personal jurisdiction in the Eastern District of Tennessee, the "ends of justice" prong must still be satisfied for Mr. Kawamura to be subjected to nationwide summons to this district under RICO. *Id.* at 440-41. The Plaintiffs assert that this prong is easily satisfied because of "widespread fraud perpetrated by companies in Illinois and Tennessee." Doc. 61 at Page ID #459.

However, Mr. Kawamura contends the "ends of justice" prong is not so easily satisfied. Specifically, Mr. Kawamura outlined in his Motion to Dismiss for lack of personal jurisdiction, Doc. 52, that the basis pled for jurisdiction over him is his contacts with Mr. Frost though it alleges no connection between Mr. Kawamura and the fund entities that Frost allegedly used to obtain investors' funds that he then diverted. Doc. 52 at Page ID# 359. Where Mr. Kawamura had no connection with the funds utilized by Frost & Croft to solicit investors and where his sole connections to Tennessee are pled as participation on at least one unidentified investor call and alleged travel "upon information and belief" to Tennessee to communicate with Frost for unidentified business purposes, is tentative, and speculative at best. In what should be characterized as an exaggeration of the allegations in their own Complaint, the Plaintiffs'

2

opposition asserts that "Kawamura launched a fake business enterprise conspiring with a Tennessee resident and traveled to and made representations into Tennessee to perpetrate this fraud…". Doc. 61 at Page ID #461. The Plaintiffs' Complaint contains no allegations supporting the assertion that Kawamura "launched a fake business enterprise". All such allegations in the Complaint are directed to Frost and Croft. Further, the Plaintiffs' Complaint also contains no allegations that Kawamura made any representations much less that those representations were into Tennessee. Any allegations regarding the so-called investor calls are void of any allegations that Kawamura made any representations on those calls or any allegations as to the location of the parties to those calls or from where they originated.

Thus, Mr. Kawamura, for both the reasons stated in his Motion to Dismiss for lack of Personal Jurisdiction, and herein, due process and the ends of justice do not require this court to exercise personal jurisdiction of him in this case when he has no connection to the State of Tennessee or sufficient minimum contacts with the State to make the exercise of jurisdiction over him constitutional. This inquiry is also informed by the Plaintiffs' failure to plead sufficient facts to State a Claim against Mr. Kawamura.

**Failure to State a Claim**

The Plaintiffs rely on Mr. Kawamura's role as CEO of Rhino Onward International, as the basis of his liability as well as an alleged duty as CEO of Rhino Onward International "to ensure that Frost and co-defendant Dira accurately portrayed the operations of RIO, which Kawamura knew or should have known they were not doing," Doc. 61 at Page ID#451, because he allegedly "joined at least one investor call." *Id.* at 450. From this, the Plaintiffs allege Mr. Kawamura was responsible for representations by Frost & Croft with regard to their various investment funds. *Id.* at 451. They further assert that class representative Brian Harding invested $25,000 through

Scorpio which defaulted based on "misrepresentations regarding the ROI business made by Frost, Dira, and Kawamura" yet still plead no misrepresentation made by Kawamura nor that the "at least one" investor call Mr. Kawamura is alleged to have been present on contained any representation from him at all, or identified the call at issue with sufficient specificity to determine the time, date, or location of the call Mr. Kawamura was alleged present for via telephone. Even by the Plaintiffs' theory, which Mr. Kawamura does not concede is correct or actionable, it is impossible for him to identify from the pleadings what call he was supposedly present on or what misrepresentations were made *on that call* that he allegedly had some duty to correct or prevent.[1]

Though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Whiters v. Baker*, No. 23-cv-12161, 2024 U.S. Dist. LEXIS 74769, at *4-5 (E.D. Mich. Apr. 24, 2024) (quoting *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007). To assert an action for fraud, a Plaintiff must "allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003).

---

[1] Plaintiffs assert that they have named Mr. Kawamura in Count I alleging fraud, Count II Civil Conspiracy, and Count VII alleging civil RICO, Doc. 61, at Page ID # 453; however, the Complaint, Doc. 1, does not name Mr. Kawamura in Count I. Doc. 1 at Page ID #32-34.

In fact, Plaintiffs' Consolidated Opposition illustrates that they have not and cannot meet the particularity requirements of Rule 9(b). The Plaintiffs assert the "who, what, when" required is satisfied in this manner:

The Complaint is replete with allegations of the "who, what, when" required by Rule(9)(b):

> **Who**: Croft, Frost Dira, and Kawamura and others made repeated claims to investors that were false.
>
> **What**: All claimed that ROI would deliver green energy hydrogen production that would guarantee investors high rights [sic] of return in short period of time when in reality ROI never had any legitimate business operations.
>
> **When**: These claims were made on investor calls, on ROI's website, and on ROI's "account statements."

Consolidated Opposition, Doc. 61 at Page ID# 462-63.

The Plaintiffs fail to plead that Kawamura made any claims to investors or that any claims he made to anyone were false, that he knew or should have known that Rhino Onward International, the only Frost & Croft entity with which he had any role, would not or could not deliver green energy hydrogen production, or had any knowledge of representation made by Frost & Croft with regard to high rates of return for investors who invested in a variety of investment funds exclusively within the control of Frost & Croft, or that Mr. Kawamura participated in any of these alleged false claims. If Frost & Croft are the fraudsters alleged by the Plaintiffs it is equally likely that Mr. Kawamura was fraudulently induced by them to be CEO of a startup company he believed had legitimate promise and ability.

Nonetheless, the Plaintiffs still cannot point to sufficient allegations pled with particularity as required by Rule 9(b) to sustain a claim against Mr. Kawamura. For these

5

reasons and those more fully stated in his Motion to Dismiss, Doc. 51, the Plaintiffs have failed to state a claim upon which relief may be granted against Mr. Kawamura and he should be dismissed from this cause of action.

**Conclusion**

Nothing in the Plaintiffs' consolidated opposition to the motions to dismiss undermines Mr. Kawamura's arguments for dismissal in his motion. Therefore, for the reasons stated in his motion to dismiss, Mr. Kawamura moves this Court to Dismiss the Complaint with prejudice in so far as it pursues causes of action against him.

Respectfully submitted this 16th day of July 2024.

*s/ Loretta G. Cravens*
DAVID M. ELDRIDGE (BPR # 012408)
LORETTA G. CRAVENS (BPR #023576)
ELDRIDGE & CRAVENS, P.C.
The Cherokee Building
400 West Church Avenue, Suite 101
Knoxville, TN 37902
(865) 544-2010
deldridge@ecattorneys.law
lcravens@ecattorneys.law
*Attorneys for Brian Kawamura*