# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### CHATTANOOGA DIVISION

| | |
|---|---|
| STACY STROBL and BRIAN HARDING, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>PAUL CROFT; JONATHAN FROST; RHINO ONWARD INTERNATIONAL, LLC; ROI FUND I, LLC; ROI FUND II, LLC; ROI FUND III, LLC; ROI FUND IV, LLC; BRIAN KAWAMURA; CROFT & FROST, PLLC; THE WELL FUND LLC; SCORPIO REF, LLC; MATTHEW DIRA; THE DIRA GROUP; CHESTNUT HOLDINGS, LLC; STEVEN FROST; LISA FROST; JOSEPH INVESTMENTS, LLC; JANE and JOHN DOES 1-25,<br>      Defendants. | Case No. 1:24-cv-00140<br>**JURY DEMANDED**<br>Judge: Curtis L Collier<br>Magistrate Judge: Christopher H Steger |

## AGREED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND OTHER MATERIALS

The Court hereby enters this Protective Order (sometimes referred to as the "Order" or "Protective Order") to facilitate the exchange of discoverable information and, in particular, the production of documents, the service of discovery responses, and the taking of testimony, for the following reasons:

A. WHEREAS, documents or information containing confidential, protected personal, or proprietary information ("CONFIDENTIAL INFORMATION," defined in full below) that bears significantly on the claims and/or defenses of the

1

parties are likely to be disclosed or produced during the course of discovery in this litigation;

B.  WHEREAS, public dissemination and disclosure of CONFIDENTIAL INFORMATION could severely injure or damage the party producing the CONFIDENTIAL INFORMATION and could subject the producing party to annoyance, embarrassment, oppression, or undue burden;

D.  WHEREAS, entry of an order controlling access to and dissemination of CONFIDENTIAL INFORMATION will protect the respective interests of the parties and facilitate the progress of disclosure and discovery in this case.

THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the following Protective Order shall govern discovery in the above-captioned matter. Unless modified pursuant to the express terms contained in this Order, this Order shall remain in effect as follows:

**1.  Scope of Protection**

This Protective Order shall govern any record of information produced in this action and designated pursuant to this Protective Order, including all designated testimony taken at a deposition, hearing, or other proceeding and all designated deposition exhibits, interrogatory answers, admissions, documents, and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery.

This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any applicable rules.

This Protective Order shall apply to the parties and to any nonparty from whom discovery may be sought who desires the protections provided under this Protective Order.

Nonparties may challenge the confidentiality of the protected information by filing a motion to intervene and a motion to de-designate.

By signing this agreement, no party waives its rights or entitlement to any applicable State or Federal immunity or other protections under the law.

**2.     Definitions**

(a)     The term CONFIDENTIAL INFORMATION shall mean confidential or proprietary technical, scientific, financial, business, protected personal, health, or medical information designated as such by the producing party.

(b)     The term EXPERT shall refer to any person who is not a party to this action and/or not presently employed by the receiving party or a company affiliated through common ownership, who has been designated by the receiving party to receive another party's CONFIDENTIAL INFORMATION.  Each party's EXPERTS shall be limited to such persons as, in the judgment of that party's counsel, are reasonably necessary for the development and presentation of that party's case, including outside experts or consultants retained to provide expert testimony or otherwise assist in trial preparation.

**3.     Disclosure Agreements**

(a) Each receiving party's EXPERTS shall sign a disclosure agreement in the form attached hereto as **Exhibit A** before receiving any CONFIDENTIAL INFORMATION belonging to the producing party.

(b) Copies of any disclosure agreement in the form of **Exhibit A** signed by any person or entity to whom CONFIDENTIAL INFORMATION is disclosed shall be provided by the end of the Litigation to any other party who requests a copy.

## 4. Designation of Information

Documents and things produced or furnished during the course of this action shall be designated as containing CONFIDENTIAL INFORMATION by placing on each page, each document (whether in paper or electronic form), or each thing a label stating "**CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER.**" Said label shall not be placed in a manner to obscure the document or to make it unreadable.

A party may designate information disclosed at a deposition as CONFIDENTIAL INFORMATION by requesting the reporter to so designate the confidential portions of the transcript at the time of the deposition. In the event that any question is asked at a deposition with respect to which a party asserts that the answer requires the disclosure of CONFIDENTIAL INFORMATION, such question shall nonetheless be answered by the witness fully and completely. Prior to answering, however, all persons present shall be advised of this Order by the party making the confidentiality assertion.

Regardless of whether designations are made during a deposition, the parties shall have thirty (30) days following the date of receipt of a transcript from the deposition to designate specific portions of testimony and/or exhibits as CONFIDENTIAL INFORMATION, and the transcript and exhibits shall be designated in their entirety as CONFIDENTIAL INFORMATION and treated as such until the deadline for specific designations has passed.

5. **<u>Disclosure and Use of CONFIDENTIAL INFORMATION</u>**

Information that has been designated CONFIDENTIAL INFORMATION shall not be disclosed by the receiving party to anyone other than QUALIFIED RECIPIENTS, as defined in Paragraph 6 below. All QUALIFIED RECIPIENTS shall hold such information in confidence, shall use the information only for purposes of the above-captioned action, shall not use it for any business or other commercial purpose, and shall not disclose it to any person, except as hereinafter provided. All information that has been designated CONFIDENTIAL INFORMATION shall be carefully maintained so as to preclude access by persons who are not qualified to receive such information under the terms of this Order.

6. **<u>QUALIFIED RECIPIENTS</u>**

For purposes of this Order, except as modified by Paragraph 7, "QUALIFIED RECIPIENTS" means:

(a) The parties to this action;

(b) The person(s) who originally created, authored, sent, or received the document in the ordinary course of business;

5

(c) Outside counsel of record for the parties in this action, and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the action, as well as outside copying services, document management services, and graphic services;

(d) Court officials involved in this action (including court reporters, persons operating video recording equipment at depositions, mediators, and any special master appointed by the Court);

(e) Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

(f) Any outside EXPERTS employed by the outside counsel of record, subject to the requirements in Paragraphs 2 and 3 above.

### 7. Use of CONFIDENTIAL INFORMATION in Filings

(a) This Order shall not limit a party's right to use CONFIDENTIAL INFORMATION in a memorandum or document to be filed with the Court.

(b) If a party wishes to file a document containing its own CONFIDENTIAL INFORMATION, it may, but is not obligated to, file a motion for leave to file under seal in compliance with Local Rule 26.2 and this Court's standing orders.

(c) If a party wishes to file a document containing any other person's CONFIDENTIAL INFORMATION, the party filing such information shall either file a motion for leave to file under seal or give at least three business days' notice to the designating party prior to filing so that the designating party may file a motion for leave to file under seal. If the filing party files a motion for leave to file another

6

person's CONFIDENTIAL INFORMATION under seal, the designating party shall have the burden of establishing the propriety of sealing the CONFIDENTIAL INFORMATION in its response to the motion.

(d) The designation of a document as containing CONFIDENTIAL INFORMATION shall not establish that the producing party has met the requirements to file a document under seal. The parties to this Order understand and acknowledge the Court has sole authority to determine whether the standard for sealing has been met in response to an appropriate motion.

**8.** **Inadvertent Failure to Designate**

(a) In the event that a producing party inadvertently fails to designate any of its information as CONFIDENTIAL INFORMATION pursuant to Paragraphs 4 or 7, it may later designate by notifying the receiving parties in writing. The receiving parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

(b) No person or party, however, shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

**9.** **Challenge to Designation**

(a) Any party to this action may challenge a producing party's designation of CONFIDENTIAL INFORMATION at any time. A failure of any party to challenge expressly a claim of confidentiality or any document designation shall not constitute

a waiver of the right to assert at any subsequent time that the same is not, in fact, confidential or not an appropriate designation for any reason.

(b) If a receiving party chooses to challenge a designation of CONFIDENTIAL INFORMATION pursuant to Paragraph 10(a), it must first request the producing party in writing to change the designation, stating the reasons in that request.

(c) The producing party shall then have ten (10) business days from the date of receipt of the notification to:

> (1) advise the receiving parties whether or not it persists in such designation; and
>
> (2) if it persists in the designation, explain the reason for the particular designation.

(d) If its request under subparagraph (b) above is turned down, or if no response is provided within the time allotted, the receiving party may then raise the issue with the Court. The burden of proving that the designation is proper shall be upon the producing party. In the event that objections are made and not resolved informally and a motion is filed, disclosure of information shall not be made until the issue has been resolved by the Court (or to any limited extent upon which the parties may agree). No party shall be obligated to challenge the propriety of any designation when made, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

(e) With respect to requests and applications to remove or change a designation, information shall not be designated CONFIDENTIAL INFORMATION if:

    (1) the information in question has become available to the public through no violation of this Order; or

    (2) the information was received by any receiving party without restrictions on disclosure from a third party having the right to make such a disclosure.

**10. <u>Inadvertently Produced Privileged Documents</u>**

(a) The parties hereto also acknowledge that, regardless of the producing party's diligence, an inadvertent production of attorney-client privileged or attorney work product materials may occur. The parties to this Order have agreed that inadvertent production of attorney-client privileged or attorney work product materials shall not constitute a waiver of such privilege, regardless of whether the party took reasonable steps to avoid such production. The Court therefore orders non-waiver to the maximum extent allowed by Rule 502(d).

(b) If a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or attorney work product, the producing party may give written notice to the receiving parties that the document or thing is subject to a claim of attorney-client privilege or attorney work product and request that the document or thing be returned. The receiving party shall return to the producing party such document or thing. Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege

9

or attorney work product, nor shall it foreclose any party from moving the Court for an order that such document or thing has been improperly designated and should be produced.

11. **Inadvertent Disclosure**

In the event of an inadvertent disclosure of another party's CONFIDENTIAL INFORMATION to a non-qualified recipient, the party making the inadvertent disclosure shall promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains CONFIDENTIAL INFORMATION subject to this Order; (ii) secure a return of the CONFIDENTIAL INFORMATION from the non-qualified recipient and take all reasonable efforts to preclude further dissemination or use of the CONFIDENTIAL INFORMATION by the non-qualified recipient including, but not limited to, obtaining all copies of such materials from the non-qualified recipient; and (iii) notify the producing party of the inadvertent disclosure and the identities of all non-qualified recipients to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against further dissemination or use of the information.

12. **Limitation**

This Order shall be without prejudice to any party's right to assert at any time that any particular information or document is or is not subject to discovery, production, or admissible.

10

Case 1:24-cv-00140-CLC-CHS   Document 89   Filed 10/31/24   Page 10 of 18
PageID #: 609

## 13. Conclusion of Action

At the conclusion of this action, including through any appeals, and at the producing party's request, each party receiving CONFIDENTIAL INFORMATION shall be under an obligation:

(a) to request that any third-party recipient, including EXPERTS, who was provided access to materials and documents containing another party's CONFIDENTIAL INFORMATION destroy or return those materials and documents to the receiving party and certify in writing to the producing party the destruction and/or return of all such materials and documents;

(b) to provide the producing party with copies of each certification obtained from any third-party recipient under subparagraph (a) of this Paragraph or the identity of any third-party recipient who fails to provide such a certification; and

(c) at the option of the producing party, to destroy or return to the producing party all materials and documents containing CONFIDENTIAL INFORMATION and to certify in writing such destruction or return within 30 days of the conclusion of this action unless such destruction or return would violate any statutory requirement, ethical obligation, or contractual obligation the receiving party has with an insurance carrier. If such destruction does violate any statutory requirement, ethical obligation, or contractual obligation, all materials and documents will be destroyed within 30 days of the expiration of the statutory, ethical, or contractual period. Such return or destruction shall not relieve said parties or persons from any of the continuing obligations imposed upon them by this Order.

**14. Production by Third Parties Pursuant to Subpoena**

Any third party producing documents or things or giving testimony in this action pursuant to a subpoena, notice, or request may designate said documents, things, or testimony as CONFIDENTIAL INFORMATION. The parties agree that they will treat CONFIDENTIAL INFORMATION produced by third parties according to the terms of this Order.

**15. Compulsory Disclosure to Third Parties**

If any receiving party is subpoenaed in another action or proceeding or served with a document or testimony demand or a court order, and such subpoena or demand or court order seeks CONFIDENTIAL INFORMATION of a producing party, the receiving party shall give prompt written notice to counsel for the producing party and allow the producing party an opportunity to oppose such subpoena or demand or court order prior to the deadline for complying with the subpoena or demand or court order. No compulsory disclosure to third parties of information or material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

**16. Jurisdiction to Enforce Protective Order**

After the termination of this action, the Court will continue to have jurisdiction to enforce this Order.

**17. Modification of Protective Order**

This Order is without prejudice to the right of any person or entity to seek a modification of this Order at any time either through stipulation or Order of the Court.

**IT IS SO ORDERED.**

DATED:

_____
Hon. Curtis L Collier
UNITED STATES DISTRICT JUDGE

Dated: October 31, 2024

By: */s/ Benjamin A. Gastel*
Benjamin A. Gastel (BPR #28699)
**Herzfeld, Suetholz, Gastel, Leniski & Wall, PLLC**
223 Rosa L. Parks Avenue, Suite 300
Nashville, TN 37203
Ph: (615) 800-6225
Fax: (615) 994-8625
ben@hsglawgroup.com

Alyson S. Beridon* (BPR #40040)
**Herzfeld, Suetholz, Gastel, Leniski & Wall, PLLC**
600 Vine St., Ste 2720
Ph: (513) 381-2224
Fax: (615) 994-8625
alyson@hsglawgroup.com

*Attorneys for Plaintiffs and Proposed Class*
**Admitted Pro Hac Vice*

By: */s/ Loretta G Cravens*
Loretta G Cravens
**Eldridge & Cravens, P.C.**
P.O. Box 398
Knoxville, TN 37901
Email: lcravens@ecattorneys.law

David M Eldridge
**Eldridge & Cravens, P.C.**
400 West Church Avenue
Suite 101
Knoxville, TN 37902
Email: deldridge@ecattorneys.law

*Counsel for Brian Kawamura*

By: */s/ Christopher M. Grant*
J. Michael Holloway
Christopher M. Grant
**Litchford, Pearce & Associates**
P.O. Box 8127
Chattanooga, TN 37414
Email: michael@lpafirm.com

14

Email: chris@lpafirm.com

*Counsel for The Well Fund LLC*

By: */s/ Eric H Feiler*
Dale G Mullen
Eric H Feiler
Joseph E.H. Atkinson
Michael H Brady
**Whiteford, Taylor & Preston LLP**
1021 East Cary Street
Suite 1700
Richmond, VA 23219
Email: dmullen@whitefordlaw.com
Email: efeiler@whitefordlaw.com
Email: jatkinson@whitefordlaw.com
Email: mbrady@whitefordlaw.com

Kimberly Michelle Ingram-Hogan
**Bradley Arant Boult Cummings Litigation**
One 22 One
1221 Broadway
Suite 2400
Nashville, TN 37203
Email: kingram@bradley.com

*Counsel for Matthew Dira and The Dira Group*

By: */s/ Lance W Pope*
Cara J Alday
Gary R Patrick
Lance W Pope
**Patrick, Beard, Schulman & Jacoway**
537 Market Street
Suite 300
Chattanooga, TN 37402
423-756-7117
Fax: 423-257-5032
Email: calday@pbsjlaw.com
Email: gpatrick@pbsjlaw.com
Email: lpope@pbsjlaw.com

15

*Counsel for Steven Frost, Lisa Frost, and Joseph Investments, LLC*

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## CHATTANOOGA DIVISION

| | |
|---|---|
| STACY STROBL and BRIAN HARDING, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PAUL CROFT; JONATHAN FROST; RHINO ONWARD INTERNATIONAL, LLC; ROI FUND I, LLC; ROI FUND II, LLC; ROI FUND III, LLC; ROI FUND IV, LLC; BRIAN KAWAMURA; CROFT & FROST, PLLC; THE WELL FUND LLC; SCORPIO REF, LLC; MATTHEW DIRA; THE DIRA GROUP; CHESTNUT HOLDINGS, LLC; STEVEN FROST; LISA FROST; JOSEPH INVESTMENTS, LLC; JANE and JOHN DOES 1-25,<br><br>Defendants. | Case No. 1:24-cv-00140<br><br>**JURY DEMANDED**<br><br>Judge: Curtis L Collier<br><br>Magistrate Judge: Christopher H Steger |

DECLARATION OF _____

I, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my present employer is _____.

3. I have received a copy of the Protective Order ("**Order**") in this case.

4. I have carefully read and understand the provisions of the Order.

5. I will comply with all of the provisions of the Order.

6. I will hold in confidence and not disclose to anyone all information designated confidential and proprietary that is disclosed to me.

7. I will return all information designated confidential and proprietary which comes into my possession, and documents or things which I have prepared relating thereto, to the attorneys for the party by whom I am employed or retained, or to the attorney from whom I received the information.

8. I understand that if I violate the provisions of this Order, I will be subject to sanctions by the Court and that the parties, or any one of them, may assert other claims against and seek other remedies from me. I hereby consent to the jurisdiction of the above-captioned Court for any action or claim alleging a violation of or seeking to enforce the Order.

Dated:

_____
Name:

_____
Signature:

_____