| | |
|---|---|
| STACY STROBL and BRIAN HARDING, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PAUL CROFT; JONATHAN FROST; RHINO ONWARD INTERNATIONAL, LLC; ROI FUND I, LLC; ROI FUND II, LLC; ROI FUND III, LLC; ROI FUND IV, LLC; BRIAN KAWAMURA; CROFT & FROST, PLLC; THE WELL FUND LLC; SCORPIO REF, LLC; MATTHEW DIRA; THE DIRA GROUP; CHESTNUT HOLDINGS, LLC; STEVEN FROST; LISA FROST; JOSEPH INVESTMENTS, LLC; JANE and JOHN DOES 1-25,<br><br>Defendants. | Case No. 1:24-cv-00140<br><br>**JURY DEMANDED**<br><br>Judge: Curtis L Collier<br><br>Magistrate Judge: Christopher H Steger |

## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

1

## I. Introduction

The Clerk of Court entered defaults as to Defendants ROI Fund I, LLC (Doc. 76), ROI Fund II, LLC (Doc. 77), ROI Fund III, LLC (Doc. 78), ROI Fund IV, LLC (Doc. 79), Scorpio Ref, LLC (Doc. 80), Chestnut Holdings, LLC (Doc. 81), Croft & Frost, PLLC (Doc. 82), Jonathan Frost (Doc. 83), and Rhino Onward International, LLC (Doc. 84) (collectively the "Defaulting Defendants").

The Complaint details how the Defaulting Defendants, through false representations and deceptive conduct, solicited funds from Plaintiffs allegedly to invest and develop a green energy hydrogen project. These representations were false and instead much of the money went to other failed ventures of Jonathan Frost.

The Defaulting Defendants have failed to plead or otherwise defend against this action, and default has been duly entered against them by the Clerk of Court. Plaintiffs now seek entry of a default judgment as to liability and damages under Fed. R. Civ. P. 55(b)(2).

## II. Factual and Procedural Background

Stacy Strobl based on the representations from Rhino Onward International, LLC ("ROI") invested $575,000 in ROI with the promise that her investment would yield a 20% rate of return by July 23, 2025. Strobl Depo. at 23:23-36:24 and Exhibits 1-3.[1] She never received any return on her investment and no longer expects one.

---

[1] Relevant portions of Ms. Strobl's deposition transcript are attached as **Exhibit 1** to the Declaration of Benjamin A. Gastel ("Gastel Decl.") in Support of Rule 55(b)(2) Default Judgment.

2

Brian Harding based on representations from ROI and others invested $25,000 through a promissory note with Scorpio. Harding Depo at 15:13-20:6 and Exhibit 11.[2] This note promised a 25% rate of return and a 27% annual interest rate in the event payments were not timely made. He has not received any return on his investment and no longer expects one. He testifies that his note should have come due in January 2023. (Harding Depo. at 15:13-20:6).

Plaintiffs filed this case as a class action seeking to recoup their losses based on the fraudulent representations and alleged violations of the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"). DE. 1 at PageID 45-48.

When ROI and Jonathan Frosts' accounting firm closed in September 2023, plaintiffs in numerous forums began filing cases against Paul Croft, Johnathan Frost, and the various related ROI entities. One such case is pending in Cook County, Illinois and has service on Paul Croft. The state court certified a class action in August of 2024 and that case remains pending.[3]

### III. Legal Standard and Argument

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default and default judgment. Rule 55(a) provides that when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

---

[2] Relevant portions of Mr. Harding's deposition transcript are attached as **Exhibit 2** to the Gastel Decl.
[3] A copy of the court's class certification award is attached as **Exhibit 3** to the Gastel Decl.

Fed. R. Civ. P. 55(a). Once default is entered, Rule 55(b)(2) authorizes the Court to enter default judgment.

As the Sixth Circuit has recognized, entry of default conclusively establishes a defendant's liability on well-pleaded allegations, though the plaintiff must still prove damages. *See John E. Green Plumbing & Heating Co., Inc. v. Turner Constr. Co.*, 742 F.2d 965, 968 (6th Cir. 1984); *Citizens Ins. Co. of the Midwest v. Falls Lake Nat'l Ins. Co.*, 2021 WL 12319026, at *2 (E.D. Mich. Sept. 29, 2021).

### A. The Defaulting Defendants' Liability is Established.

The Defaulting Defendants were properly served with process as shown by the returns of service on the docket. DE# 15-17, 20-23, 25-26. They failed to respond within the time required by Rule 12(a). Upon Plaintiffs' request, the Clerk entered default. DE# 76-84. Accordingly, the well-pleaded allegations of the Complaint are deemed admitted as to liability. *See Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) ("There is no question that, default having been entered, each of plaintiffs allegations of fact must be taken as true and each of its claims must be considered established as a matter of law.") (internal citations and quotations omitted).[4]

---

[4] In a class setting, to obtain default judgment for classwide damages, requires filing of a motion for class certification and proving the Rule 23 class certification requirements against the Defaulting Defendants. *See* T*oler v. Glob. Coll. of Nat. Med., Inc.*, No. 13-10433, 2015 WL 1611274, at *3 (E.D. Mich. Apr. 10, 2015) ("In cases where a Defendant has failed to appear, a Clerk's entry of default has not been held to prevent the Court from considering whether to certify a class prior to the entry of a default judgment against a Defendant."). Here the previously certified class action in state court complicates this court's ability to certify a class in this instance. *See e.g. In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Pracs. & Prods. Liab. Litig.*, No. MD 16-2695 JB/LF, 2023 WL 6121894, at *87, n.47 (D.N.M. Sept. 19, 2023) (discussing

## B. Plaintiffs have Established Damages.

Plaintiffs seek damages arising from their investments into the fraudulent entities controlled by the Defaulting Defendants. The Membership Interest Purchase Agreements and account statements, attached as Exhibits 1–3, establish that Plaintiff Stacy Strobl invested at least $575,000 and Mr. Harding invested $25,000. The loss of these funds, together with the promised but unpaid returns, is sufficiently proven. *See John E. Green Plumbing*, 742 F.2d at 968 (proof of damages requires reasonable certainty but not impossibility).

RICO entitles a prevailing party to treble damages. *In re ClassicStar Mare Lease Litig.*, 727 F.3d 473, 495 (6th Cir. 2013). "Although the Supreme Court has not squarely decided this issue, it has strongly suggested that a treble-damages award under RICO is not punitive in nature." *Id*. Like treble-damages provisions under the antitrust laws, the damages provision in RICO is remedial in nature. *Id*. (internal quotations and citations omitted).

As a result, Plaintiffs are entitled to three times their provable economic loss. As shown in the chart below, combined Plaintiffs are entitled to $2,229,141 in total compensatory loss.

|  | Amount Invested | Principal Interest | Late Payment Interest | Treble Damages |
|---|---|---|---|---|
| Stacy Strobl | $ 575,000 | $ 115,000 |  | $ 2,070,000 |
| Brian Harding | $ 25,000 | $ 6,250 | $ 21,797 | $ 159,141 |
|  |  | Total |  | $ 2,229,141 |

---

problem of overlapping class actions between federal and state court). To avoid any of these issues, Plaintiffs have elected to pursue default judgment only on their individual claims.

Mr. Hardin's late payment interest is calculated by taking the rate in his promissory note for late payments (27% annual, and calculating a monthly rate of 2.25%). He testifies Mr. Frost told him his note would be due at the latest in January 2023, meaning that through July 2025, he has accrued 31 months of late payments, resulting in $21,797 in late payment interest under his note.

Ms. Strobl's agreement did not contain a similar late payment interest provision and as a result she seeks only pre-judgment interest as set forth in the next section.

**C. Plaintiffs are Entitled to Prejudgment Interest and Costs.**

Under federal law, post-judgment interest is mandatory under 28 U.S.C. § 1961, which provides that any money judgment in a civil case shall accrue interest from the date of entry at a rate equal to the weekly average 1-year Treasury constant maturity yield for the calendar week preceding the judgment, as published by the Federal Reserve. For the week ending in July 25, 2025, that rate is 4.08%.[5]

The Sixth Circuit has held that pre-judgment interest is allowable in cases involving treble damages under civil RICO. *In re ClassicStar Mare Lease Litig.*, 727 F.3d at 497.

Plaintiff's propose the following interest addition to their compensatory damages calculated at .34% per month (4.08%/12 months for monthly interest of

---

[5] *See* https://www.federalreserve.gov/releases/h15/.

.34%). Ms. Strobl under the terms of her investment was due to be paid in July of 2023, entitling her to 24 months of prejudgment interest.

| | Total Damages | Total Prejudgment Interest Months | Total Interest | Total Damages With Interest |
|---|---|---|---|---|
| Stacy Strobl | $ 2,070,000 | 24 | $ 168,912 | $ 2,238,912 |
| Brian Harding | $ 159,141 | | | $ 159,141 |
| | | | Total | $ 2,398,053 |

As a result, Plaintiffs seek an individual default judgment amount in total of **$2,398,053** against the Defaulting Defendants.

Dated: July 28, 2025            Respectfully submitted,

By: */s/ Benjamin A. Gastel*
Benjamin A. Gastel (BPR #28699)
Anthony A. Orlandi (BPR #33988)
**Herzfeld, Suetholz, Gastel, Leniski & Wall, PLLC**
1920 Adelicia St., Suite 300
Nashville, TN 37212
Ph: (615) 800-6225
Fax: (615) 994-8625
ben@hsglawgroup.com
tony@hsglawgroup.com

Alyson S. Beridon (BPR #40040)
**Herzfeld, Suetholz, Gastel, Leniski & Wall, PLLC**
600 Vine St., Ste 2720
Ph: (513) 381-2224
Fax: (615) 994-8625
alyson@hsglawgroup.com

*Attorneys for Plaintiffs and Proposed Class*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 28th day of July, 2025, the foregoing document was electronically filed with the Clerk of Court to be served by either U.S. Mail, pre-paid postage, or by way of the Court's electronic filing system (CM/ECF) upon the following as indicated below:

David M Eldridge **(Via CM/ECF)**
Eldridge & Cravens, P.C.
400 West Church Avenue, Suite 101
Knoxville, TN 37902
Email: deldridge@ecattorneys.law

Loretta G Cravens **(Via CM/ECF)**
Eldridge & Cravens, P.C.
P.O. Box 398
Knoxville, TN 37901
Email: lcravens@ecattorneys.law
***Counsel for Brian Kawamura***

J. Michael Holloway **(Via CM/ECF)**
Mark W. Litchford **(Via CM/ECF)**
Christopher M. Gant **(Via CM/ECF)**
Litchford, Pearce & Associates
P.O. Box 8127
Chattanooga, TN 37414
Email: michael@lpafirm.com
Email: mark@lpafirm.com
Email: chris@lpafirm.com
***Counsel for The Well Fund LLC***

Cara J Alday **(Via CM/ECF)**
Gary R Patrick **(Via CM/ECF)**
Lance W Pope **(Via CM/ECF)**
Patrick, Beard, Schulman & Jacoway
537 Market Street, Suite 300
Chattanooga, TN 37402
Email: calday@pbsjlaw.com
Email: gpatrick@pbsjlaw.com
Email: lpope@pbsjlaw.com

8

Case 1:24-cv-00140-CLC-CHS   Document 113   Filed 07/28/25   Page 8 of 10
PageID #: 763

*Counsel for Steven Frost, Lisa Frost, and Joseph Investments, LLC*

Jonathan Frost **(Via U.S. Mail)**
2457 Dogwood Grove Cir
Signal Mountain, TN 37377

ROI Fund I, LLC **(Via U.S. Mail)**
c/o Jonathan Frost
1413 Chestnut St., Suite 401
Chattanooga, TN 37402

ROI Fund II, LLC **(Via U.S. Mail)**
c/o Jonathan Frost
1413 Chestnut St., Suite 401
Chattanooga, TN 37402

ROI Fund III, LLC **(Via U.S. Mail)**
c/o Jonathan Frost
1413 Chestnut St., Suite 401
Chattanooga, TN 37402

ROI Fund IV, LLC **(Via U.S. Mail)**
c/o Jonathan Frost
1413 Chestnut St., Suite 401
Chattanooga, TN 37402

Croft & Frost, PLLC **(Via U.S. Mail)**
c/o Jonathan Frost
1413 Chestnut St., Suite 401
Chattanooga, TN 37402

Chestnut Holdings, LLC **(Via U.S. Mail)**
c/o Jonathan Frost
1413 Chestnut St., Suite 401
Chattanooga, TN 37402

Rhino Onward International, LLC **(Via U.S. Mail)**
c/o Sandeep Basran
2543 N. Milwaukee Ave., 2nd Fl
Chicago, IL 60647

Scorpio Ref, LLC **(Via U.S. Mail)**
c/o Sandeep Basran
2543 N. Milwaukee Ave., 2nd Fl
Chicago, IL 60647

                                          _/s/ Benjamin A. Gastel_
                                          Benjamin A. Gastel

10

Case 1:24-cv-00140-CLC-CHS    Document 113    Filed 07/28/25    Page 10 of 10
PageID #: 765