STACY STROBL AND BRIAN
HARDING, on behalf of themselves and all
Others similarly situated,

    *Plaintiffs,*

    **v.**

PAUL CROFT; JONATHAN FROST;
RHINO ONWARD INTERNATIONAL,
LLC; ROI FUND I, LLC; ROI FUND II,
LLC; ROI FUND III, LLC; ROI FUND
IV, LLC; BRIAN KAWAMURA; CROFT &
FROST, PLLC; THE WELL FUND, LLC
SCORPIO REF, LLC; MATTHEW
DIRA; THE DIRA GROUP; CHESTNUT
HOLDINGS, LLC; STEVEN FROST;
LISA FROST; JOSEPH INVESTMENTS
LLC; JANE AND JOHN DOES 1-25,

    *Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No. 1:24-CV-00140-CLC-CHS**
**Hon. Curtis L. Collier**
**Magistrate Judge Christopher Steger**

---

**TRANSFEREE DEFENDANTS STEVEN L. FROST, LISA FROST AND JOSEPH
INVESTMENTS, LLC'S RESPONSE TO PLAINTIFFS' REVISED PROPOSED
FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Steven L. Frost, Lisa Frost, and Joseph Investments, LLC (collectively the "Transferee

Defendants") respond to Plaintiffs' Revised Proposed Findings of Fact and Conclusions of Law

("Revised Findings of Fact") (Doc. 137), respectfully showing this Court as follows:

**I.**     **Introduction.**

Transferee Defendants acknowledge the Court granted their Motion for Summary

Judgment. (Doc. 138). Nevertheless, out of an abundance of caution, Transferee Defendants

submit this response to Plaintiffs' Revised Findings of Fact as the Order Granting Summary

Judgment is still subject to appeal.

As explained at length in Transferee Defendants' response to Plaintiffs' initial Proposed Findings of Fact (Doc. 133), and as recognized by the Court in its Order Granting Summary Judgment (Doc. 138), Plaintiffs' claim against Transferee Defendants depends on first establishing liability on the part of Chestnut Holdings, LLC ("Chestnut Holdings"). Accordingly, Transferee Defendants have standing to submit this Response in opposition to Plaintiffs' Revised Findings of Fact to the extent they pertain to Chestnut Holdings.

Plaintiffs' Revised Findings of Fact still fail to link any alleged conduct by Chestnut Holdings to a viable theory of liability. In short, despite multiple opportunities to do so, Plaintiffs have not shown entry of a judgment against Chestnut Holdings is warranted.

## II.  Relevant Procedural Background.

Plaintiffs filed their Complaint on April 4, 2024. (Doc. 1). On August 29, 2024, the Clerk entered defaults against the following defendants: ROI Fund I, LLC (Doc. 76), ROI Fund II, LLC (Doc. 77), ROI Fund III, LLC (Doc. 78), ROI Fund IV, LLC (Doc. 79), Scorpio Ref, LLC (Doc. 80), Chestnut Holdings, LLC (Doc. 81), Croft & Frost, PLLC (Doc. 82), Jonathan Frost (Doc. 83), and Rhino Onward International, LLC (Doc. 84) (collectively, the "Defaulting Defendants"). Over ten months later, on July 28, 2025, Plaintiffs filed a Motion for Default Judgment against the Defaulting Defendants. (Doc. 113).

On September 16, 2025, the Transferee Defendants filed their Motion for Summary Judgment (Doc. 120) and supporting Memorandum of Law (Doc. 121). At that time, Plaintiffs were made aware of deficiencies in their Complaint as to Chestnut Holdings but failed to amend it. The deadline for Plaintiffs to amend their Complaint expired on December 1, 2025. (Doc. 87 at 3).

2

Subsequently, on December 8, 2025, the Court entered an Order requiring Plaintiffs to file proposed findings of fact and conclusions of law by January 9, 2026. (Doc. 130). Plaintiffs filed their initial Proposed Findings of Fact and Conclusions of Law on January 9, 2026. (Doc. 131). The Transferee Defendants responded on January 22, 2026 (Doc. 133), once again highlighting the clear deficiencies in Plaintiffs' claims against Chestnut Holdings.

On February 27, 2026, the Court denied Plaintiffs' Motion for Default without prejudice and instructed Plaintiffs to file any renewed motion and revised proposed findings of fact within thirty days. (Doc. 135). The Court's denial was based on Plaintiffs' inadequate Proposed Findings of Fact and Conclusions of Law, specifically noting Plaintiffs' failure to connect facts to the elements of their claims. (Doc. 135 at 2). The Court directed Plaintiffs to submit proposed findings of fact and conclusions of law "that clearly connect facts to elements of causes of action showing how Plaintiffs have satisfied the various proofs on which they bear the burden. Such showing must be done for each relevant defendant on each cause of action." (*Id*. at 3).

On March 27, 2026, Plaintiffs filed their renewed Motion for Default (Doc. 136) and Revised Findings of Fact. (Doc. 137). Despite repeated notice from both the Transferee Defendants, in their Memorandum of Law in Support of their Motion for Summary Judgment (Doc. 121) and response to the initial proposed findings (Doc. 133), and the Court itself highlighting the deficiencies in Plaintiffs' submissions (Doc. 135), Plaintiffs' Revised Findings of Fact still fail to connect any facts relating to Chestnut Holdings to liability sufficient to support the entry of default judgment.

III.    **Judgement Against Chestnut Holdings is Not Automatic.**

As the Court recognized in its February 27th Order, granting a motion for default judgment under FRCP 55(b)(2) is left to the discretion of the court, and courts should exercise

their discretion and deny such a motion where the plaintiff's complaint fails to state a claim upon which relief can be granted. (Doc. 135 at. 1-2) citing *AGCS Marine Ins., Co. v. AT Trucking Corp.*, No. 1:22-CV-313-CEA-SKL, 2023 WL 9290680, at *1-2 (E.D. Tenn. Dec. 20, 2023), report and recommendation adopted, No. 1:22-CV-313, 2024 WL 188379 (E.D. Tenn. Jan. 17, 2024). Plaintiffs' Revised Findings of Fact still fail to show Chestnut Holdings is liable to them for any amounts.

IV. **Plaintiffs Failed to Adequately Allege Liability as to Chestnut Holdings.**

Plaintiffs' only claims for relief against Chestnut Holdings in their Complaint are for Civil Conspiracy (Doc. 1, Count III, ¶¶ 146–159) and for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (Doc. 1, Count VII, ¶¶ 198–213). Plaintiffs have failed to adequately allege liability under either theory.

a. <u>Plaintiffs Waived Their Civil Conspiracy Claims Against Chestnut Holdings.</u>

Plaintiffs' Revised Findings of Fact are entirely silent as to any liability under Count III for civil conspiracy. Plaintiffs' Revised Findings of Fact attempt to establish liability only under the following counts: Count I, Intentional Misrepresentation/Fraud (asserted against Frost, CF, the ROI Fund Defendants, and Scorpio, but not against Chestnut Holdings) (Doc. 137 at 15–18); Count II, Breach of Contract (asserted against Frost, CF, the ROI Fund Defendants, and Scorpio, but again not against Chestnut Holdings) (*Id*. at 18–21); and Count VII, Civil RICO (asserted against all Defaulting Defendants) (*Id*. at 21–25). By failing to address this claim in their revised submission, Plaintiffs have waived any right to recover against Chestnut Holdings under Count III of the Complaint

b. <u>Plaintiffs Have Not Established RICO Liability as to Chestnut Holdings.</u>

Neither the Complaint nor the Revised Proposed Findings of Fact sufficiently allege Chestnut Holdings is liable for any RICO violation.

To show a party is liable under a civil RICO claim, a plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity". *Aces High Coal Sales, Inc. v. Cmty. Bank & Trust*, 768 Fed. Appx. 446, 453 (6th Cir. 2019). A pattern is at minimum two acts of racketeering within ten years of each other. *Id*. Plaintiffs have completely failed to show Chestnut Holdings committed a single predicate act.

A review of Plaintiffs' Revised Findings of Fact reveals the only purported racketeering act as to any defaulting defendant is wire fraud under 18 U.S.C. § 1343. (Doc. 137 at 23, ¶ 25). To plead wire fraud, Plaintiffs must allege: (1) a scheme to defraud, and (2) use of wires in furtherance of the scheme. *See Heinrich v. Waiting Angels Adoption Servs.*, 668 F.3d 393, 404 (6th Cir. 2012). Moreover, allegations of wire fraud must satisfy the heightened pleading standard of Rule 9(b), requiring Plaintiffs to: (1) specify the allegedly fraudulent statements, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent. *Id*.

i. *Plaintiffs fail to allege any facts showing Chestnut Holdings committed wire fraud.*

The Revised Findings of Fact contain no allegation Chestnut Holdings committed wire fraud or any other predicate act. Chestnut Holdings is not even mentioned in the Findings of Fact section at all. (Doc. 137 at 2 – 14). There is no allegation Chestnut Holdings received any wire, nor that any Plaintiffs made an investment with Chestnut Holdings. In contrast, Plaintiffs specifically allege transactions with the ROI Fund Defendants and Scorpio Ref, LLC (e.g.,

5

"Strobl executed two membership Interest Purchase Agreements with the ROI Fund Defendants," Doc. 137 at 7, ¶ 17; "Harding executed a promissory note with Scorpio Ref, LLC in the principal amount of $25,000," Doc. 137 at 8, ¶ 18). Absent such specific allegations, default judgment cannot be entered against Chestnut Holdings.

ii. *Plaintiffs fail to allege any facts supporting alter ego or veil piercing as to Chestnut Holdings.*

Plaintiffs appear to attempt to impose liability on Defaulting Defendants for the acts of Jonathan Frost under an alter ego or veil-piercing theory (see Doc. 137 at 9–11, "Alter Ego/Veil Piercing: Specific Acts of Diversion and Misuse of Investor Funds"). However, Chestnut Holdings is conspicuously absent from this section. Plaintiffs allege Frost and Croft commingled funds among various entities, but Chestnut Holdings is not included. ("Frost and Croft comingled funds amongst and between CF, the Well Fund, Scorpio, Rhino Onward International, LLC, ROI Fund I, LLC, ROI Fund II, LLC, ROI Fund III, LLC and ROI Fund IV, LLC." Doc. 137 at 10, ¶ 25). Similarly, Plaintiffs allege several entities were used for fraudulent purposes, but again, Chestnut Holdings is not named. (*Id*. at 11, ¶¶ 27 - 28).

The only references to Chestnut Holdings in the Revised Findings of Fact are in the Conclusions of Law Section in paragraph 1, noting default was entered, and in paragraph 27, where Plaintiffs summarily state: "Frost personally conducted the pattern of racketeering activity as an agent of each of the Defaulting Defendants... The ROI Fund Defendants, ROI, Scorpio, CF, and Chestnut Holdings were instrumentalities of the enterprise through which the scheme operated." (*Id*. at 14, ¶1; *Id*. at 23, ¶27). However, this is a conclusory assertion unsupported by any factual allegations.

Moreover, Plaintiffs' reliance on the plea agreement does not actually impute any liability on Chestnut Holdings. Notably, the plea agreement attached to the Revised Findings of Fact does not mention Chestnut Holdings or any defendant other than Jonathan Frost by name. The only passing mention of any other defendant is to "Frost's accounting firm in Chattanooga." (Doc. 137-1 at 5). Accordingly, it does not show any liability as to any defendant besides Jonathan Frost.

c. Plaintiffs Admit Chestnut Holdings Is Not Liable To Them.

Plaintiffs have explicitly admitted they have no proof that Chestnut Holdings is liable to them for any amounts. Plaintiffs have provided the following deposition testimony regarding Chestnut Holdings:

> Q: You have nothing that would indicate there was – there is any liability of Chestnut Holdings, LLC, to repay your $25,000, correct?
> *Objection to form.*
> A: I don't have any documents to that effect, no.
> Q: And do you have any other proof that Chestnut Holdings, LLC, would be liable for your repayment of your $25,000?
> *Objection to form.*
> A: I do not have any proof, no. DEPOSITION OF BRIAN HARDING (Doc 121-1, at p. 6).

> Q: And we've also established Chestnut Holdings, LLC, is not the debtor, they did not sign anything, there is no basis for believing that there is any liability of Chestnut Holdings, LLC, to you, correct?
> *Objection to form.*
> A: Yes. DEPOSITION OF STACY STROBL (Doc. 121-2, at p. 14).

Default judgment cannot be appropriate where Plaintiffs have specifically admitted there is no evidence against the defendant.

## V. **Conclusion**

For the foregoing reasons, Transferee Defendants respectfully submit that Plaintiffs have failed to establish any basis for entry of default judgment against Chestnut Holdings. Despite

multiple opportunities and clear guidance from both the Court and the Transferee Defendants, Plaintiffs' Revised Findings of Fact do not allege any facts connecting Chestnut Holdings to actionable conduct under either a civil conspiracy or RICO theory. Plaintiffs have waived their civil conspiracy claim by failing to address it, and their RICO allegations remain wholly conclusory and unsupported by specific factual allegations or evidence. Even more concerning, Plaintiffs have admitted they have no proof Chestnut Holdings is liable to them.

Accordingly, default judgment against Chestnut Holdings is not warranted. The Court should deny Plaintiffs' renewed Motion for Default Judgment as to Chestnut Holdings.

Respectfully submitted,

**PATRICK, BEARD, SCHULMAN & JACOWAY, P.C.**

By: /s/ *Gary R. Patrick*
Gary R. Patrick, BPR #01941
Cara J. Alday, BPR #13140
Attorneys for Defendant
537 Market Street, Suite 300
Chattanooga, TN 37402
(423) 756-7117
(423) 267-5032 facsimile

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been served via hand delivery, facsimile or first class mail, with sufficient postage affixed thereon to ensure proper delivery, upon:

| | |
|---|---|
| Benjamin A. Gastel<br>Alyson S. Beridon<br>Herzfeld, Suetholz, Gastel,<br>Leniski & Wall, PLLC<br>223 Rosa L. Parks Avenue, Suite 300<br>Nashville, TN 37203<br>ben@hsglawgroup.com<br>alyson@hsglawgroup.com<br><br><br>*Counsel for Plaintiff* | J. Michael Holloway<br>Mark W. Litchford<br>Christopher M. Gant<br>Litchford, Pearch & Associates<br>P.O. Box 8127<br>Chattanooga, TN 37414<br>michael@lpafirm.com<br>mark@lpafirm.com<br>chris@lpafirm.com<br><br>*Counsel for Well Fund* |

This 6th day of April 2026.

**PATRICK, BEARD, SCHULMAN & JACOWAY, P.C.**

  **By: /s/** *Gary R. Patrick*
    Gary R. Patrick

9